UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

| | | |
|---|---|---|
| MATTHEW DIETERLEN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:13-26-DLB |
| | ) | |
| v. | ) | |
| | ) | |
| KENTUCKY DEPARTMENT OF | ) | **MEMORANDUM OPINION** |
| CORRECTIONS, et al., | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Matthew Dieterlen is an inmate confined at the Kenton County Detention Center in Covington, Kentucky. Proceeding *pro se*, Dieterlen has filed a civil rights complaint, pursuant to 42 U.S.C. § 1983, against Defendants Kentucky Department of Corrections; LaDonna H. Thompson, Commissioner; Christie Feldman, Supervisor Probation and Parole; Beth Frazier, Probation Officer; and Adena Lehrman, Probation Officer, claiming that they have failed to comply with Kentucky state law and Corrections Policies and Procedures. [R. 1]

The Court must conduct a preliminary review of Dieterlen's complaint because he has been granted permission to proceed *in forma pauperis* and because he asserts claims against government officials. 28 U.S.C. §§ 1915(e)(2), 1915A. A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). The Court evaluates Dieterlen's complaint under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321

1

F.3d 569, 573 (6th Cir. 2003).

Having reviewed the complaint, the Court will dismiss it because Dieterlen has not stated grounds entitling him to relief under 42 U.S.C. § 1983.

## ALLEGATIONS OF THE COMPLAINT

Dieterlen states that on October 31, 2010, he was convicted in Kenton Circuit Court in Case No. 09-CR-805 for being a felon in possession of a firearm and that on November 30, 2010, he was sentenced to five years probation. He states that from that date to August 1, 2011, he fully complied with all requirements of the terms of his probation and paid all court-ordered restitution. He also states that on August 1, 2011, he was placed on non-reporting probation. According to Dieterlen, as of June 1, 2012, he had met all of the requirements of Kentucky Revised Statute ("KRS") § 439.522 and Corrections and Policy Procedure ("CPP") § 27-24-01 necessary for early termination of his sentence of probation. Nevertheless, he alleges that his probation was not terminated at that time. Dieterlen thus appears to claim that Defendant probation officers violated K.R.S. § 439.522 by not petitioning the court for early termination of his probation sentence.

Dieterlen states that on October 5 2012, he was subsequently charged with another criminal offense or offenses in Kenton Circuit Court in Criminal Case No. 12-CR-904. He implies that this new case constituted a violation of his probation in Case No. 09-CR-805. He further implies that this alleged probation violation should never have occurred because Defendant probation officers' should have terminated his probation prior to October 5, 2012.

In this petition, Dieterlen seeks release from incarceration for having violated the terms of his probation, compensatory damages, and dismissal of all charges relating to Criminal Case No. 12-CR-904, pending in Kenton Circuit Court.

2

## ANALYSIS

Dieterlen appears to claim that as of June 1, 2012, he satisfied all of the statutory requirements of K.R.S. § 439.522 and CPP § 27-24-01 necessary for early termination of his sentence of probation, and that Defendant probation officers violated Kentucky state law by failing to petition the court for early termination of his probation sentence.

These alleged state law violations, however, do not form the basis for a Section 1983 claim. Violations of state law are not cognizable under [42 U.S.C.] § 1983, which provides redress for denial of federally protected civil rights. *Stanley v. Vining*, 602 F.3d 767, 769 (6th Cir. 2010) (observing that a violation of state law does not make out a claim cognizable under § 1983). Therefore, because the Complaint does not allege violation of a federally protected civil right, it fails to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

## CONCLUSION

Accordingly, for the reasons stated above, **IT IS ORDERED** as follows:

(1)     Plaintiff Matthew Dieterlen's Complaint is **DISMISSED WITHOUT PREJUDICE**, pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

(2)     All claims having been resolved, this matter is **DISMISSED** and **STRICKEN** from the docket.

(3)     Judgment shall be entered in favor of the Defendants.

3

This 5th day of August, 2013.



G:\DATA\ORDERS\Cov13\13-26 Order dismissing complaint.wpd